IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUIS GOMEZ,

    Petitioner,

vs.

FRANCISCO JACQUEZ, Warden,

    Respondent.

_____/

No. C 12-02208 YGR (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner Luis Gomez, a state prisoner incarcerated at Pelican Bay State Prison, commenced this action by filing a petition for writ of habeas corpus. He asserts that prison officials violated his due process rights by improperly applying a reduced evidentiary standard in proceedings to validate him as a gang associate of the Mexican Mafia, and by housing him in the Security Housing Unit (SHU), for an indeterminate amount of time, pursuant to his validation status.

On May 21, 2012, Petitioner submitted a certificate of funds and a copy of his prisoner trust account statement. He did not, however, submit a completed *in forma pauperis* application. However, the Court construes his filings as a request for leave to proceed *in forma pauperis* and DENIES his request as incomplete.

For the reasons outlined below, the Court DISMISSES this action without prejudice to Petitioner filing a civil rights action.

## DISCUSSION

The Court must dismiss Petitioner's case for lack of habeas corpus jurisdiction because his claims do not affect the fact or duration of his confinement. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however,

may be brought under § 1983." *Id.*

Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

In this action, Petitioner challenges the proceedings through which he was validated as a gang associate of the Mexican Mafia and his resulting placement in the SHU. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison. Petitioner's claims must be pursued in a civil rights action. *Cf. Palma-Salazar v. Davis*, 677 F.3d 1031, 1038 (10th Cir. 2012) (federal prisoner's challenge to transfer to administrative segregation must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than as a habeas action).

Furthermore, Petitioner has been sentenced to life without the possibility of parole (LWOP), a sentence that is indeterminate in length. (Petition at 81, Resp't Return to OSC filed in Cal. Superior Ct. (Ex. L) ¶ 1). The indeterminate nature of Petitioner's underlying sentence has significance in light of an amendment to the California Penal Code. Effective January 25, 2010, an inmate housed in the SHU "upon validation as a prison gang member or associate is ineligible to earn" certain conduct credits against his sentence. Cal. Penal Code § 2933.6(a). A prisoner serving a set term of years who loses his credit-earning eligibility due to his placement in the SHU as a result of his gang validation status may be able to show that such placement affects the duration of his confinement and therefore may be able to pursue a claim in habeas. The same cannot be said for an inmate serving a sentence of LWOP, an indeterminate sentence. Petitioner, as an LWOP prisoner, must pursue his claim in a civil rights action because § 2933.6(a) of the California Penal

Code does not affect the duration of his confinement on that sentence.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), this Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00 habeas filing fee to pursue his claims. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims; (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a habeas action; (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action; (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement; and (5) damages cannot be awarded in a habeas action. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information pertinent to civil rights claims on a habeas form.

## **CONCLUSION**

For the reasons stated above, the Court hereby DISMISSES Petitioner's habeas action without prejudice to him filing a civil rights action under 42 U.S.C. §1983. His request to proceed *in forma pauperis* is DENIED as incomplete.

If Petitioner chooses to pursue a civil rights action he must use the Court's civil rights complaint form. If he wishes to proceed *in forma pauperis* rather than paying the $350.00 filing fee, he must submit a completed *in forma pauperis* application, a certificate of funds, and a copy of his

prisoner trust account statement.

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner *in forma pauperis* application form along with his copy of this Order.

IT IS SO ORDERED.

DATED: June 19, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**